UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20992-BLOOM/Otazo-Reyes

JUAN FLORES,

    Plaintiff,

v.

DEBSKI & ASSOCIATES, P.A.,
MICHAEL THIEL DEBSKI, ESQ.,
and BRETT HAROLD BURKETT, ESQ.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Juan Flores's ("Plaintiff") Motion to Deem Defendant Michael Thiel Debski Served [or], in the Alternative, Motion to Compel Defendant to Accept Service of Process, ECF No. [17] ("Motion"), filed on May 12, 2021. The Motion requests that this Court either find that Defendant Debski has been properly served or compel him to accept service of process due to his alleged avoidance of service. Notably, however, the Motion fails to include any citation to pertinent law in support of the requested relief. The Local Rules state that, with few exceptions, "[e]very motion when filed and served shall incorporate a memorandum of law citing supporting authorities[.]" S.D. Fla. L.R. 7.1(a).

*Pro se* filings are "held to a less stringent standard than [filings] drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). For example, *pro se* litigants are nonetheless required to abide by the Local Rules and the Federal Rules of Civil Procedure. *Id.*; *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401,

402-03 (11th Cir. 2015) (citing *Tannenbaum*, 148 F.3d at 1263; *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Moreover, courts cannot serve as *de facto* counsel for an unrepresented party and cannot rewrite a deficient filing for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor may courts simply "fill in the blanks" to infer a litigant's claim. *Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012); *see also Bivens v. Roberts*, No. 2:08CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))).

Here, Plaintiff has failed to comply with the requirements of Local Rule 7.1(a) and has failed to set forth any legal basis for the requested relief. As explained above, the Court cannot "fill in the blanks" to infer a litigant's claim or raise arguments in support of Plaintiff's request. *See Brinson*, 2012 WL 1028878, at *1; *see also Bivens*, 2009 WL 411527, at *3. Absent any citation to pertinent law in support of Plaintiff's request, the Motion must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [17]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Juan Flores
8186 NW 114 Place
Medley, FL 33178