UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20992-BLOOM/Otazo-Reyes

JUAN FLORES,

 Plaintiff,

v.

DEBSKI & ASSOCIATES, P.A.,
MICHAEL THIEL DEBSKI, ESQ.,
and BRETT HAROLD BURKETT, ESQ.,

 Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Brett Harold Burkett, Esq. and Debski & Associates, P.A. 's Motion to Dismiss, ECF No. [14] ("Motion"). The Court has reviewed the Motion, the Plaintiff's Response, the Defendants' Reply, the record in the case, the applicable law, and is otherwise duly advised.

### I. UNDERLYING FACTS

Plaintiff Juan Flores filed his Complaint, ECF No. [1], alleging claims for damages and injunctive relief against Debski & Associates, P.A. ("Debski"), a law firm headquartered in Jacksonville, Florida, and two of its attorneys, Michael Debski, Esq., and Brett Burkett, Esq. (collectively referred to herein as "Debski" or "Defendants."). Plaintiff's claims arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collect Practices Act ("FCCPA"), Fla. Stat., § 559, *et seq*. Plaintiff's Complaint alleges that, on August 1, 2018, Plaintiff received a letter from Debski attempting to collect an alleged debt. Complaint ¶ 13. On August 24, 2018, Plaintiff sent a Validation letter to Defendant Debski

by certified mail. *Id.* ¶ 14. On September 12, 2018, Plaintiff received from Defendant Debski a second letter attempting to collect an alleged debt and no validation was provided. *Id.* ¶ 15. Defendants thereafter filed a complaint in Miami Dade County State Court against Plaintiff to collect the debt. *Id.* ¶ 16. The remainder of the allegations refer to proceedings that took place as the case was pending. *See generally Id*.

Plaintiff asserts two counts in his Complaint. Count I seeks relief under the FDCPA for violations of 15 U.S.C. §§ 1692e, e(5) and e(10) (false, deceptive or misleading representations or means to collect a debt); and 15 U.S.C. §§ 1692f and f(1) (unfair or unconscionable means to collect a debt); (3) 15 U.S.C. § 1692g(b) (failure to cease collection before validating debt). Count II seeks relief under the FCCPA for violation of Fla. Stat. § 559.72(9) (claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.).

In their Motion, Defendants seek dismissal of the Complaint and argue that Plaintiff has failed to allege facts demonstrating that Defendants were attempting to collect a "consumer debt" subject to the FDCPA or FCCPA. Instead, the Complaint alleges that Plaintiff "is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3)" (¶35) and that he "has been the subject of collection activity arising from an alleged and non-existing Consumer debt." (¶36.). The Defendants maintain further that, even if Plaintiff properly alleged he incurred a consumer debt, his claims are subject to dismissal because Defendants provided proper validation of the debt, including copies of his credit application, the credit card agreement, and one year's account billing statements. Defendants attach certain documents to support their argument. Finally, Defendants contend Plaintiff's FCCPA claims are similarly subject to dismissal, and are also barred by Florida's litigation privilege.

Case No. 21-cv-20992-BLOOM/Otazo-Reyes

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) that requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

Case No. 21-cv-20992-BLOOM/Otazo-Reyes

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### III.   DISCUSSION

#### a.   Plaintiff fails to sufficiently allege that the debt was a consumer obligation

The FDCPA "regulates what debt collectors can do in collecting debts," *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015), and it was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses," 15 U.S.C. § 1692(e). Thus, the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," through, for example, collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Under the FDCPA, a debt collector who "fails to comply with any provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and "additional damages." 15 U.S.C. § 1692k(a).

"A claim under the FDCPA is evaluated from the perspective of the least sophisticated consumer." *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1244 (M.D. Fla. 2019) (citing *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-59 (11th Cir. 2014)). "The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct." *Green v. Specialized Loan Servicing, LLC*, 766 F. App'x 777, 781 (11th Cir. 2019) (quoting *Crawford*, 758 F.3d at 1258); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) ("'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

In order to prevail on an FDCPA claim, a plaintiff must allege that: (1) they were the object of collection activity arising from consumer debt; (2) the defendant is a "debt collector" as defined in the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011) (citing *Wise v. Cach*, No. 09-80972-CIV, 2010 WL 1257665, at *2 (S.D. Fla. Mar. 26, 2010)).

The Motion is directed toward the first and third element of an FDCPA claim. The first element "has two requirements — there must be collection activity and this activity must relate to a consumer debt." *Id.* at 1307 (citing *Buckley v. Bayrock Mortg. Corp.*, No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010)). Although the Amended Complaint alleges in conclusory fashion that Defendant is a "debt collector" as defined by the FDCPA, and the debt Defendant sought to collect was a "consumer debt" as defined by the FDCPA, the Complaint again fails to identify essential information about the alleged debt, including the form of the debt, or

5

when debt was incurred. While Defendants have attached documents that may establish those facts, it is incumbent upon Plaintiff to comport with the minimal pleading standards of Rule 8(a).

      **b.**      **Defendants provided proper validation**

Notwithstanding Plaintiff's pleading deficiency, Defendants attach certain exhibits to their Motion and argue that they validated the debt and provided Plaintiff with all required disclosures. Plaintiff refers to the same correspondence in his Complaint, *see* ¶¶ 14-16. While Plaintiff disputes that any validation was provided by Defendants, the documents directly contradict his claim.

The Court may properly consider documents in ruling on a motion to dismiss that are referred to in the Complaint and are central to the claims. *See Brooks*, 116 F.3d at 1369 (holding that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into one for summary judgment."). A trial court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). "Undisputed" means that the authenticity of the document is not challenged. *Id.* Here, in the Plaintiff's Response, he contends that the documents are not sufficient proof of debt but does not dispute their authenticity. After properly considering those documents, they readily support the conclusion that Plaintiff's FDCPA claim against the Defendants does not satisfy the third element because their verification of the debt was sufficient as a matter of law. As referenced in the Complaint, the September 12, 2018 letter expressly validated the debt and provided Plaintiff with the date the account was opened and the date of the last payment. Defendants also furnished Plaintiff copies of his credit application

and twelve months of credit card statements. Plaintiff fails to allege that he requested further information and his dissatisfaction three years later with the validation Defendants provided does not state a plausible claim.

Under § 1692g(b), if a consumer notifies the debt collector in writing of a dispute within thirty days of receiving the demand notice, collection of the disputed debt must cease until the debt collector obtains verification and mails it to the consumer. "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (citing *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.), *aff'd*, 66 F.3d 342 (11th Cir. 1995)). "No provision of the FDCPA has been found which would require a debt collector independently to investigate the merits of the debt, except to obtain verification, or to investigate the accounting principles of the creditor, or to keep detailed files." *Azar*, 874 F. Supp. at 1317.

Plaintiff's reliance upon *Haddad v. Alexander, Zelmanski, Danner & Fioritto*, 758 F.3d 777 (6th Cir. 2014) is unavailing, as the case is materially distinguishable. In *Haddad*, the plaintiff disputed a specific portion of the alleged debt, for which the defendant then provided no explanation. 758 F.3d at 785. Because the defendant's attempted verification did not explain the basis for the specific disputed portion of the debt, the court found defendant's verification to be insufficient. *Id.* at 786. In contrast, Plaintiff here did not dispute a specific portion of the debt allegedly owed. Similar to the plaintiff in *Lima*, Plaintiff's claim rests on allegations that the Defendants failed to provide him with "original account level documents" or a general ledger of account before resuming collection activities. Although the Defendants' verification letter did not include all of the items that Plaintiff requested and otherwise failed to meet his satisfaction, the letter did contain all of the information required by statute.

Moreover, to the extent that Plaintiff's FDCPA claim is premised upon the Defendants' alleged failure to verify the debt after filing the state court action, the claim fails. Defendants sufficiently verified the debt in response to Plaintiff's previous requests. As a result, Plaintiff's subsequent request with respect to the same debt was untimely. *See Owens-Benniefield v. BSI Fin. Servs.*, 806 F. App'x 853, 858 (11th Cir. 2020) (plaintiff failed to state a claim where alleged dispute to debt made after years of collection attempts). Plaintiff's FDCPA claim against Defendants therefore must be dismissed.

Plaintiff further claims that Defendants attempted to collect an amount not authorized by the agreement, *Id.* ¶ 42, and the Defendants knew the debt was not legitimate, *Id.* ¶ 48, but fails to allege which agreement or why the debt Defendants sought to collect was illegitimate. Moreover, the September 12, 2018 letter, referred to by Plaintiff in his Complaint, expressly stated that the application and the last twelve (12) months statement for the account were attached, reflecting that Plaintiff did, in fact, owe a debt.

    **c.**    **FCCPA claim based on lawsuit are barred**

Plaintiff alleges that Defendant Debski filed a Complaint against Plaintiff in Miami-Dade County State Court "without any account level documentation" to substantiate its claim. Complaint, ¶ 23. Plaintiff's FCCPA claims premised on the filing of a collection action are barred. Florida's litigation privilege precludes an FCCPA claim in federal court based solely on the defendant's filing of a collection action in Florida state court. *See Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1280 (S.D. Fla. 2008); *see also Perez v. Bureaus Inv. Grp. No. II, LLC,* No. 1:09-CV-20784, 2009 WL 1973476, at *3 (S.D. Fla. July 8, 2009) (holding that litigation privilege barred plaintiff's FCCPA claim based solely on the filing of state-court collection lawsuit).

Case No. 21-cv-20992-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendants' Motion to Dismiss, **ECF No. [14]**, is **GRANTED**.

2. The Complaint is **DISMISSED with prejudice**.

3. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Juan Flores, *pro se*
8186 NW 114 Place
Medley, FL 33178